## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ADAPTIX, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:13-cv-446 |
| ) | |
| **ZTE CORPORATION, ZTE USA, INC.,** ) | JURY TRIAL DEMANDED |
| **ZTE SOLUTIONS, INC., and** ) | |
| **U.S. CELLULAR CORPORATION** ) | |
| *d/b/a* **U.S. CELLULAR,** ) | |
| ) | |
| Defendants. ) | |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against Defendants ZTE Corporation, ZTE USA, Inc., and ZTE Solutions, Inc. (together "ZTE") and U.S. Cellular Corporation *d/b/a* U.S. Cellular ("U.S. Cellular") (collectively "Defendants"), as follows:

### THE PARTIES

1.      ADAPTIX is a Delaware corporation with its principal place of business in the Eastern District of Texas at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.      On information and belief, ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, P.R. China 518057.

3.      On information and belief, ZTE USA, Inc. is a New Jersey corporation with its principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas

75080.  ZTE USA Inc.'s registered agent for service of process in Texas is Li Mo, 4385 Spencer Drive, Plano, Texas 75024.

4.      On information and belief, ZTE Solutions, Inc. is a Delaware corporation with its principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080.  ZTE Solutions, Inc.'s registered agent for service of process is Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

5.      ZTE Corporation, ZTE USA, Inc., and ZTE Solutions Inc. are referred to collectively as "ZTE."

6.      On information and belief, U.S. Cellular Corporation *d/b/a* U.S. Cellular ("U.S. Cellular") is a Delaware corporation with a principal place of business at 8410 West Bryn Mawr Avenue, Chicago, IL 60631 and does business throughout this judicial district and by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint.  U.S. Cellular's registered agent for service of process is Agents and Corporations, Inc., 1201 Orange Street, Suite 600, One Commerce Center, Wilmington, DE 19808.  ZTE and U.S. Cellular may be referred to collectively as the "Defendants."

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b, c) and 1400(b).  On information and belief, each defendant has purposely transacted business in this judicial district, has committed acts of direct and/or indirect infringement in this judicial district.

9.      On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (A) at least part of its infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in other persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

10.     ADAPTIX incorporates paragraphs 1 through 9 herein by reference.

11.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq*.

12.     ADAPTIX is the owner by assignment of United States Patent No. 7,454,212, entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '212 patent") with ownership of all substantial rights in the '212 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '212 patent is attached as Exhibit A.

13.     The '212 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14.     ADAPTIX has been damaged as a result of ZTE's and U.S. Cellular's infringing conduct described in this Count.  ZTE and U.S. Cellular are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

15.     On information and belief, ZTE has and continues to directly infringe one or more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 1 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices, including without limitation the ZTE Unite™ which, at a minimum, directly infringe the '212 patent.  ZTE is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).  ZTE's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until ZTE is enjoined.  ZTE is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).

16.     On information and belief, U.S. Cellular has and continues to directly infringe one or more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the ZTE Unite™ which, at a minimum, directly infringe the '212 patent.  U.S. Cellular's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until U.S. Cellular is enjoined.  U.S. Cellular is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).

17.     Based upon information set forth in the preceding two paragraphs, on information and belief both ZTE and U.S. Cellular have and continue to directly and jointly infringe one or more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the ZTE

Unite™ which, at a minimum, directly infringe the '212 patent.  Thereby, ZTE and U.S. Cellular are jointly liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).  ZTE's and U.S. Cellular's joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until ZTE and U.S. Cellular are enjoined.

**(Indirect Infringement - Inducement)**

18.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ZTE has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, making, selling, testing, and/or importing the ZTE Unite™, and/or advertising the LTE capability of the ZTE Unite™.  U.S. Cellular and/or ZTE's end users who purchase systems and components thereof and operate such systems and components in accordance with ZTE's instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C. § 271(b).  ZTE's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until ZTE is enjoined.  ZTE is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(b).

19.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that U.S. Cellular has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the ZTE Unite™.  U.S. Cellular's customers who purchase systems and components thereof and operate such systems and components in accordance with U.S. Cellular's instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C. § 271(b).  U.S.

Cellular's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until U.S. Cellular is enjoined.  U.S. Cellular is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(b).

20.     On information and belief, Defendants have been on notice of the '212 patent since at least service of this action.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

21.     On information and belief, since Defendants have been on notice of the '212 patent, Defendants have been knowingly inducing infringement of the '212 patent, including at least claim 16 of the '212 patent, and possessing specific intent to encourage others' infringement.

22.     On information and belief, since Defendants have been on notice of the '212 patent, Defendants knew or should have known that their actions would induce actual infringement of the '212 patent, including at least claim 16 of the '212 patent.

23.     Defendants have not produced any evidence as to any investigation, design around, or that any remedial action was taken with respect to the '212 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

### (Indirect Infringement - Contributory)

24.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ZTE has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, contributing to the direct infringement of others, including entities such as U.S.

Cellular and end users of ZTE's computerized communications devices, including without limitation the ZTE Unite™, through supplying infringing systems and components, that infringe one or more claims of the '212 patent, including at least claim 16, in violation of 35 U.S.C. § 271(c).

25.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that U.S. Cellular has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, contributing to the direct infringement of others, including entities such as customers of U.S. Cellular's computerized communications devices, including without limitation the ZTE Unite™, through supplying infringing systems and components, that infringe one or more claims of the '212 patent, including at least claim 16, in violation of 35 U.S.C. § 271(c).

26.     Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '212 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.  An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

27.     On information and belief, Defendants have been on notice of the '212 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '212 patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3),

ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

28.     Since Defendants have been on notice of the '212 patent, Defendants knew or should have known that Defendants' computerized communications devices and the technology associated therewith constituted material components of the inventions claimed in the '212 patent, are especially made or especially adapted for use in infringement of the '212 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

29.     By virtue of at least this Complaint, Defendants have been provided with written notice of ADAPTIX's allegations that Defendants have and continue to contributorily infringe the '212 patent and written identification of exemplar products that infringe one or more claims of the '212 patent (e.g., systems used by end users of Defendants' computerized communications devices) and written notice of an exemplar material part of these devices (e.g., Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '212 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

30.     ADAPTIX incorporates paragraphs 1 through 29 herein by reference.

31.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

32.     ADAPTIX is the owner by assignment of United States Patent No. 6,947,748 entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '748 patent") with ownership of all substantial rights in the '748

patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '748 patent is attached as Exhibit B.

33.     The '748 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

34.     ADAPTIX has been damaged as a result of ZTE's and U.S. Cellular's infringing conduct described in this Count.  ZTE and U.S. Cellular are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

35.     On information and belief, ZTE has and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 6 and 8 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices, including without limitation the ZTE Unite™ which, at a minimum, directly infringe the '748 patent.  ZTE is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).  ZTE's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until ZTE is enjoined.  ZTE is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

36.     On information and belief, U.S. Cellular has and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using, offering

for sale, selling and/or importing computerized communications devices including without limitation the ZTE Unite™ which, at a minimum, directly infringe the '748 patent.  U.S. Cellular is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).  U.S. Cellular's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until U.S. Cellular is enjoined.  U.S. Cellular is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

37.     Based upon information set forth in the preceding two paragraphs, on information and belief both ZTE and U.S. Cellular have and continue to directly and jointly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the ZTE Unite™ which, at a minimum, directly infringe the '748 patent.  Thereby, ZTE and U.S. Cellular are jointly liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).  ZTE's and U.S. Cellular's joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until ZTE and U.S. Cellular are enjoined.

**(Indirect Infringement - Inducement)**

38.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ZTE has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 6 and 8 and by, among other things, making, selling, testing, and/or importing the ZTE Unite™, and/or advertising the LTE capability of the ZTE Unite™ which, at a minimum, directly infringe the '748 patent.  ZTE's end users who purchase systems and components thereof and operate such

systems and components in accordance with ZTE's instructions directly infringe one or more

claims of the '748 patent in violation of 35 U.S.C. § 271(b).  ZTE's infringement has caused

damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and

until ZTE is enjoined.  ZTE is thereby liable for infringement of the '748 patent pursuant to 35

U.S.C. § 271(b).

39.     Based on the information presently available to ADAPTIX, absent discovery, and

in the alternative to direct infringement, ADAPTIX contends that U.S. Cellular has and continues

to indirectly infringe one or more claims of the '748 patent, including at least claims 6 and 8 by,

among other things, taking active steps to encourage and facilitate its customers to purchase and

use the ZTE Unite™ which, at a minimum, directly infringe the '748 patent.  U.S. Cellular

customers who purchase systems and components thereof and operate such systems and

components in accordance with U.S. Cellular's instructions directly infringe one or more claims

of the '748 patent in violation of 35 U.S.C. § 271(b).  U.S. Cellular's infringement has caused

damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and

until U.S. Cellular is enjoined.  U.S. Cellular is thereby liable for infringement of the '748 patent

pursuant to 35 U.S.C. § 271(b).

40.     On information and belief, Defendants have been on notice of the '748 patent

since at least service of this action.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will

likely have additional evidentiary support after a reasonable opportunity for further investigation

or discovery on this issue.

41.     On information and belief, since Defendants have been on notice of the '748

patent, Defendants have been knowingly inducing infringement of the '748 patent, including at

least claims 6 and 8 of the '748 patent, and possessing specific intent to encourage others' infringement.

42.    On information and belief, since Defendants have been on notice of the '748 patent, Defendants knew or should have known that their actions would induce actual infringement of the '748 patent, including at least claims 6 and 8 of the '748 patent.

43.    Defendants have not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '748 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement - Contributory)**

44.    Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ZTE has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 19 and 21 by, among other things, contributing to the direct infringement of others, including entities such as U.S. Cellular and end users of ZTE's computerized communications devices, including without limitation the ZTE Unite™, through supplying infringing systems and components, that infringe one or more claims of the '748 patent, including at least claims 19 and 21, in violation of 35 U.S.C. § 271(c).

45.    Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that U.S. Cellular has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 19 and 21 by, among other things, contributing to the direct infringement of others, including entities such

as customers of U.S. Cellular's computerized communications devices, including without limitation the ZTE Unite™, through supplying infringing systems and components, that infringe one or more claims of the '748 patent, including at least claims 19 and 21, in violation of 35 U.S.C. § 271(c).

46.     Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '748 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.  An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

47.     On information and belief, Defendants have been on notice of the '748 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '748 patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

48.     Since Defendants have been on notice of the '748 patent, Defendants knew or should have known that Defendants' computerized communications devices and the technology associated therewith constituted material components of the inventions claimed in the '748 patent, are especially made or especially adapted for use in infringement of the '748 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

49.     By virtue of at least this Complaint, Defendants have been provided with written notice of ADPATIX's allegations that Defendants have and continue to contributorily infringe the '748 patent and written identification of exemplar products that infringe one or more claims of the '748 patent (e.g., systems used by end users of Defendants' computerized communications devices) and written notice of an exemplar material part of these devices (e.g., Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '748 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A.     Judgment in favor of ADAPTIX that each defendant has infringed the '212 and '748 patents, directly and indirectly, as aforesaid;

B.     A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct and/or indirect infringement of the '212 and '748 patents pursuant to 35 U.S.C. § 283;

C.     An order requiring each defendant to pay ADAPTIX its damages with pre- and post-judgment interest and costs thereon pursuant to 35 U.S.C. § 284;

D.     A determination that this case is exceptional pursuant to 35 U.S.C. § 285; and

E.     Any and all further relief to which the Court may deem ADAPTIX is entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ.

P. 38.

Dated: May 28, 2013                     **ADAPTIX, INC.**

By: _/s/ Craig Tadlock_____
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com


Paul J. Hayes
Samiyah Diaz
Steven E. Lipman
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Fl.
Andover, Massachusetts 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hbcllc.com
Email: sdiaz@hbcllc.com
Email: slipman@hbcllc.com


**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**